**Martha Melida ECHEVERRIA**
**DE MORENO, Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 00–70840.

INS No. A70–535–372.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001 *.

Decided July 23, 2001.

Before KOZINSKI, T.G. NELSON, and
RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM **

Martha Melida Echeverria De Moreno, a
native and citizen of El Salvador, petitions
for review of an order of the Board of
Immigration Appeals ("BIA") dismissing
her appeal from an immigration judge's

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

denial of her application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.

We review for substantial evidence the BIA's determination that Echeverria failed to establish asylum eligibility. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc). To reverse the BIA's decision, we must find that the evidence not only supports a contrary conclusion, but compels it. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)

We deny Echeverria's petition for review because the evidence does not compel the conclusion either that her own encounters with guerillas amounted to past persecution or that the encounters between her family members and the guerillas were sufficient to establish a well-founded fear of future persecution. *See Fisher*, 79 F.3d at 961; *Arriaga–Barrientos v. U.S. INS*, 937 F.2d 411, 414 (9th Cir.1991).

We deny Echeverria's motion to remand to the BIA for a decision on her application under the Temporary Protected Status ("TPS") program for El Salvador because that issue is not related to the asylum claim currently before this court and because Echeverria can pursue TPS relief independently of this petition for review.

PETITION FOR REVIEW DENIED.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judicial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997 that result in a final deportation order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Echeverria's

action under 8 U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997).

